**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 06, 2016.**



_____
CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: § | |
| JOHN R. HARTMAN, III, § | |
| § | |
| BANK OF AMERICA, N.A., ITS § | CASE NO. 16-51226 |
| ASSIGNEES AND/OR SUCCESSORS § | |
| MOVANT § | |
| § | |
| VS. § | |
| § | |
| JOHN R. HARTMAN, III, § | CHAPTER 13 |
| DEBTOR(S) AND § | |
| MARY K. VIEGELAHN, § | |
| TRUSTEE § | |
| RESPONDENTS § | |

### AGREED ORDER MODIFYING STAY

CAME ON before the Court for consideration the Motion for Relief from Automatic Stay of Act Against Property filed by BANK OF AMERICA, N.A., ITS ASSIGNEES AND/OR SUCCESSORS, and Debtor's response. Movant and Debtor(s) both requests the Court conditionally modify the Automatic Stay of 11 U.S.C. §362 as follows:

The parties stipulate that on 3/24/2011, John R. Harman, III executed a Note, hereinafter referred to as the ("Note"), in the original principal amount of $178,000.00, payable to the order of DHI Mortgage Company, LTD. Movant is currently the owner of the Note. Concurrently with the execution of the Note, John R. Harman, III executed a Security Instrument ("Security Instrument") securing repayment of the Note encumbering the Property described below.

The parties further stipulate that the amount of the post-petition arrearage due on the Note, through and including the November 1, 2016 post-petition payment, including late charges, attorney's fees and costs is $6,648.80, hereinafter referred to as the ("Arrearage") and detailed as follows:

| | |
|---|---|
| 4 Payments  @ $1,505.70/ea (8/2016 – 11/2016) | $6,022.80 |
| Attorney Fees | $ 676.00 |
| Less Suspense | $<50.00> |
| Total | $6,648.80 |

IT IS THEREFORE ORDERED that, pursuant to the terms of the Note, Debtor(s) shall disburse directly to Movant, timely when due, each monthly installment that becomes due on or after the first day of December 1, 2016. The monthly payment in regard to the Note is currently in the amount of $1,505.70 (principal and interest, escrowed taxes & insurance). This amount is subject to change according to the terms of the Note and Security Instrument.

IT IS FURTHER ORDERED that the Debtor(s) shall amend or modify the Chapter 13 Plan within 30 days of entry of this Order, to include the post-petition Arrearage to be paid through Debtor's Amended Chapter 13 Plan. If the Debtor's Chapter 13 Plan is not amended within 30 days of this Order to include the Arrearage, the Automatic Stay of 11 U.S.C. §362 shall be ordered lifted with respect to Movant without further notice to Debtor(s). The Trustee reserves the right to object to a modification of the plan.

ORDERED that Debtor(s) shall make all Trustee payments according to the Plan. Debtor(s) shall keep all Trustee payments current.

ORDERED that Debtor(s) shall have 30 days from the entry of this Order to provide proof of disputed payments. Proof shall consist of a copy of the front and back of a negotiable instrument that has been paid to Movant by the institution on which it has been drawn and has not been credited by Movant to Debtor's account. If said proof is provided by then, Movant shall credit Debtor account with said payments.

ORDERED that the above-referenced mortgage installments shall be made to the mortgage company at the following address:

> Bank of America, NA
> PO Box 660933
> Dallas, TX 75266-0933

(Please put loan number on payment and send payment via certified mail return receipt requested so that your payment can be tracked)

ORDERED that if Debtor(s) default on any of the terms of this Order concerning monthly mortgage payments, Movant shall mail notice of the default to Debtor(s) by certified mail, return receipt requested, and by regular mail. Movant is entitled to charge and collect $50.00 in attorney's fees plus costs for the Notice of Default. Unless Debtor(s) cure the default within ten (10) days of the date Movant mails the notice, the Automatic Stay of 11 U.S.C. §362 shall be and is hereby ordered lifted with respect to Movant, its assignees and/or successors in interest. Debtor(s) are only entitled to two notices of default. Upon the third default by the Debtor(s) to remit any of the payments referenced above or the failure of the Debtor(s) to timely cure the first or second notice of default, the Automatic Stay of 11 U.S.C. §362 shall be ordered lifted with respect to Movant without further notice to Debtor(s). If Debtor(s) default under the terms of this Order and the automatic stay is lifted, Movant, and its assignees and/or successors in interest,

shall be excepted from the Automatic Stay and authorized to enforce its lien and to pursue its statutory and contractual remedies to gain possession of the following described real property:

**LOT 19, BLOCK 11, NEW CITY BLOCK 18890, GREEN SPRING VALLEY SUBDIVISION, UNIT 2, AN ADDITION TO THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN, VOLUME 7500, PAGE 207, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.**

Also known as: 15406 River Bend, San Antonio, TX 78247.

ORDERED that in the event this case is converted to a case under a different Chapter of the Bankruptcy Code, the automatic stay shall lift as to Movant, as long as the Property is exempt, and any and all arrearages owed to Movant by Debtor(s) shall become immediately due and payable. *[handwritten: termination of stay]*

ORDERED that Movant shall give notice to the Trustee immediately upon foreclosure and that Movant shall amend or withdraw its claim herein within twenty (20) days after foreclosure.

ORDERED that in the event this case is dismissed, this Order shall be deemed null and void and neither party shall be bound by its terms.

ORDERED that, upon termination of the automatic stay for any reason whatsoever, the requirements of Rule 4001(a)(3) shall be waived. Upon notice of termination of stay, Trustee shall cease funding Movant's claim.

IT IS FURTHER ORDERED to the extent the Property is foreclosed on and sold, any excess proceeds from the sale shall be turned over to the Trustee with a reservation of the issue as to whether the Debtor is entitled to such funds.

Otherwise, the Automatic Stay of 11 U.S.C. §362 shall remain in effect.

###

\*   The signature of Movant's counsel shown below is an affirmative representation to the Court that Movant has complied with Bankruptcy Rule Number 4001.

APPROVED AS TO FORM AND SUBSTANCE:

MCCARTHY HOLTHUS -TEXAS, LLP

/s/ Yoshie Valadez

Cole D. Patton
TX State Bar No. 24037247
Yoshie Valadez
TX State Bar No. 24091142
1255 West 15th Street, Suite 1060
Plano, TX 75075
Phone: (214) 291-3800
Fax: (214) 291-3801
ATTORNEYS FOR MOVANT

TX State Bar No. _____
J. TODD MALAISE
909 NE LOOP 410, SUITE 300
SAN ANTONIO, TX 78209
PHONE: (210) 732-6699
FAX : (210) 732-5826
ATTORNEY FOR DEBTOR(S)


OFFICE OF THE CHAPTER 13 TRUSTEE

BY: _____
JESSICA L. HANZLIK
TSBN 24055661
STAFF ATTORNEY FOR THE CHAPTER 13 TRUSTEE
10500 HERITAGE BLVD, SUITE 201
SAN ANTONIO, TX 78216
PHONE: 210-824-1460
FAX: 210-824-1328